NO. 07-03-0472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 19, 2004

_____

ANTONIO RIOJAS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 94-418,818; HON. BRADLEY UNDERWOOD, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Antonio Riojas, Jr. (appellant) appeals from an order revoking his community supervision. He had originally been convicted of possession of a controlled substance via a plea bargain and plea of guilty. Pursuant to the plea agreement, he was sentenced to ten years imprisonment. However, the sentence was suspended, and appellant was

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. 75.002(a)(1) (Vernon Supp. 2004).

placed on ten years probation.  Subsequently, the State filed three separate motions to revoke probation at three separate times with the first two ending in appellant's probation being reinstated.  However, on the third motion to revoke, appellant pled true to one of the three grounds supporting revocation.  The trial court granted the motion on all three grounds, revoked appellant's probation, and sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice.  Appellant timely filed a motion for new trial and noticed his appeal, and counsel was appointed.  Appellant's counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal.  The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief.  So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by May 17, 2004.  To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal which concerned the court's decision to revoke appellant's community supervision and ineffectiveness of counsel.  However, counsel explained how "a plea of true, standing alone, is sufficient to support a trial court's decision to revoke probation, . . . ."  And, in regards to ineffective assistance of counsel, appellate counsel explained how the record is insufficient to support such a claim.

So too did we conduct an independent review of the record to determine whether there existed reversible error and found none.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review).  The record illustrated that no appeal was taken within 30 days from the date of appellant's guilty plea

2

and conviction complaining of error occurring at that time; thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Furthermore, finding that any one ground warranting revocation existed, the trial court was entitled to revoke appellant's community supervision. *Moore v. State*, 605 S.W. 2d 924, 926 (Tex. Crim. App. 1979). Here, appellant pled true to one ground contained in the motion to revoke. Standing alone, a plea of true is sufficient to support the trial court's order of revocation. *Hatten v. State*, 71 S.W.3d 332, 335 n.2 (Tex. Crim. App. 2002). Thus, the appellate record contained evidence supporting the decision to revoke probation. Furthermore, the punishment levied was within the range provided by statute.

Accordingly, we affirm the judgment revoking probation and grant counsel's motion to withdraw.

> Brian Quinn
> Justice

Do not publish.